IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RANDY WOOD,

    Plaintiff,

v.             CIVIL ACTION NO. 2:16-6502

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 13).[1] For the following reasons, Plaintiff's Motion is **DENIED**.[2]

**I. Background**

  Mr. Randy Wood filed this action on July 20, 2016 to challenge the redetermination process conducted by Defendant that led to his termination of disability benefits. *See Pl.'s Compl.*, ECF No. 1. Wood was awarded disability benefits in 2007 by Administrate Law Judge (ALJ) David B. Daugherty[3] with the assistance of Attorney Eric C. Conn. *Id.* at ¶¶ 15-16. Wood's evidence file contained a medical examination and report from Dr. Frederic Huffnagle. *Pl.'s Mot. & Mem.*

---

[1] Although Defendant filed a Response to Plaintiff's Motion (ECF No. 17), Plaintiff did not file a reply.

[2] The instant case was transferred to this Court on January 17, 2017 from District Judge Thomas E. Johnston's court. ECF No. 18.

[3] Plaintiff's complaint does not mention ALJ Daugherty by name, but the motion details ALJ Daugherty's involvement in deciding the original disability determination. *See Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 13, at 1.

*of Law in Supp.*, ECF No. 13, at 2. The Social Security Administration (SSA) has since conducted an investigation of Conn for fraudulent activity involving many of his clients. *Pl.'s Compl.*, ECF No. 1, at ¶ 2. This investigation involved the decisions by ALJ Daugherty that included medical reports by four doctors, one of whom was Dr. Huffnagle. *Id.* at ¶ 34.

On May 18, 2015, the SSA wrote to Wood explaining that his claim would undergo redetermination because there was reason to believe fraud was involved in cases involving Dr. Huffnagle, Mr. Conn, and ALJ Daugherty. *Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 13, at 2. On September 23, 2015, the SSA notified Wood that there was insufficient evidence to support ALJ Daugherty's grant of benefits when excluding Dr. Huffagle's report, so the case would be remanded to a new ALJ for a new decision. *Def.'s Mem. in Opp.*, ECF No. 17, at 6. In December, Wood attended the SSA redetermination hearing, and an ALJ denied benefits. *Pl.'s Compl.*, ECF No. 1, at ¶ 17. In June of 2016, Wood received a Notice of Appeals Council Action that stated that the Appeals Council denied review and that the ALJ's denial of benefits would stand as the final decision. *Id.* at ¶ 19; *Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 13, at 2.

Plaintiff's instant motion moves the Court to grant a preliminary injunction in favor of Plaintiff, requesting the Court to "require the Defendant to continue providing Mr. Wood his benefits until the legality of Social Security's procedures can receive a merits decision." *Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 13, at 1.

## II.     Standard for Injunctive Relief

"A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendent lite* of the type available after the trial." *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated*, 130 S. Ct. 2371 (2010), *reinstated in part*, 607 F.3d 355 (4th Cir. 2010). "Granting the ultimate relief requested, even

temporarily, at an early point in the case, often prior to the issues even being joined in the pleadings, seems rightly reserved for only the most compelling of cases." *Dewhurst v. Century Aluminum Co.*, 731 F. Supp. 2d 506, 514 (S.D.W. Va. 2010). In order to obtain a preliminary injunction, a party must establish four elements: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As such, the party seeking to obtain a preliminary injunction "must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." *Dewhurst*, 731 F. Supp. 2d at 515 (internal citations omitted).

### III. Discussion

The instant motion for a preliminary injunction became ripe on the same day a motion for a preliminary injunction became ripe in a corresponding case. *See Milam v. Berryhill*, Civ. No. 2:16-6002 (S.D.W. Va.). These cases involve the same attorneys and the same legal questions regarding the redetermination process. The briefing is likewise the same, apart from this case describing facts relating to Mr. Wood rather than Mr. Milam. In a full memorandum opinion and order, the Court denied Mr. Milam's motion for preliminary injunction. *See Milam*, Civ. No. 2:16-6002, ECF No. 25 (S.D.W. Va.). The Court found that Milam did not satisfy the burden for a preliminary injunction because he failed to make a clear showing of success on the merits. *Id.* As the legal arguments and the Court's conclusions are the same as in *Milam*, the Court finds it unnecessary to repeat the discussion here. Accordingly, Plaintiff's Motion for Preliminary Injunction (ECF No. 13) is **DENIED**.

### IV. Conclusion

Plaintiff's Motion for Preliminary Injunction (ECF No. 13) is **DENIED**.

-4-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:      February 10, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE